UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jonathan Alvarez-Vega on behalf on his minor child, E.A.L.<br><br>    Plaintiff(s)<br><br>v.<br><br>E. GONZALEZ, INC.<br><br>    Defendant(s) | CIVIL ACTION |

## COMPLAINT

1. This is a civil rights action by plaintiff Jonathan Alvarez Vega on behalf of his minor child, E.A.L. ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

    Bonanza Lomas Verdes
    108 Industrial P.R.,
    PR-174, Bayamón, Puerto Rico
    18.382921, -66.143085

    Bonanza Rexville
    Carr 167, Bayamon, Puerto Rico
    18.367147, -66.187748

    (hereafter collectively referred to as "the Facility")

2. Plaintiff seeks injunctive and declaratory relief, attorney fees and costs, against E. Gonzalez, Inc. a corporation, partnership or sole proprietorship doing business as Bonanza Lomas Verdes and Bonanza Rexville (hereinafter collectively referred to as "Defendant" or "Defendants") for systematic violations its restaurants, pursuant to the Americans with Disabilities Act of 1990 ("ADA").

## **JURISDICTION**

1

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## VENUE

5. All actions complained of herein take place within the jurisdiction of the United States District Court for the District of Puerto Rico, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

6. Defendant(s) own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

7. Plaintiff congenital condition is Muscular dystrophy. In muscular dystrophy, abnormal genes (mutations) interfere with the production of proteins needed to form healthy muscle. Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable United States laws, and a member of the public whose rights are protected by these laws.

## FACTS

8. The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce. Plaintiff lives in Bayamon, Puerto Rico, approximately 10 minutes away from the Lomas Verdes Facility and 15 minutes from the Rexville Facility by motor vehicle. Prior to the filing of this, the Plaintiff observed that there is no van-accessible parking space and no van-accessible access aisle and thus, Plaintiff is aware that he is unable to patronize the Facility on a full and equal basis. Within the past year, Plaintiff not only visited the Facility, but entered the Lomas Verdes Facility. The barriers described below constitute a determent and barrier to his

access. Plaintiff knows the area were the Facility is located and he frequently sees from his motor vehicle that while there is a purportedly accessible parking space at the Facility, it is not a Van-Accessible parking space with an adjacent van-accessible access aisle, which is a determent to access the goods and services available at the Facility.

9. Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff is aware of the following systematic barriers at the Lomas Verdes and Rexville facilities:

   a. Plaintiff is aware that there is no adequate van-accessible parking space for the disabled. However, there are parking spaces available for the abled-bodied community. Section 4.1.2 (5) (b) of the ADAAG mandates that always at least one accessible parking space must be van-accessible ("One in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) wide minimum and shall be designated 'van accessible'").

   b. Plaintiff is aware that there is no adequate access aisle adjacent to a van-accessible parking space for the disabled. The access aisle is the surface adjacent to the accessible parking space designated for handicapped people, which must be at the same elevation level. This area must be marked and free of obstruction, also with a minimum wide of 60" (car accessible) or 96" (van-accessible), required by ADAAG-2010.

   c. Plaintiff is aware that there are no adequate restroom facilities for the disabled. For example, no proper turning space clearances are provided at the restroom (restroom is very small);

d. Proper clearances are not provided at table seating spaces. 226.1 general. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. In addition, where work surfaces are provided for use by other than employees, at least 5 percent shall comply with 902. 902.1 general. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. 902.2 Clear Floor or Ground Space. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. 305.1 general. Clear floor or ground space shall comply with 305. 305.2 Floor or Ground Surfaces. Floor or ground surfaces of a clear floor or ground space shall comply with 302. Changes in level are not permitted. 305.3 Size. The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum. 306.3 Knee Clearance. 306.3.1 General. Space under an element between 9 inches (230 mm) and 27 inches (685 mm) above the finish floor or ground shall be considered knee clearance and shall comply with 306.3. 306.3.2 Maximum Depth. Knee clearance shall extend 25 inches (635 mm) maximum under an element at 9 inches (230 mm) above the finish floor or ground. 306.3.3 Minimum Required Depth. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches (280 mm) deep minimum at 9 inches (230 mm) above the finish floor or ground, and 8 inches (205 mm) deep minimum at 27 inches (685 mm) above the finish floor or ground. 306.3.4 Clearance Reduction. Between 9 inches (230 mm) and 27 inches (685 mm) above the finish floor or ground, the knee clearance shall be permitted to reduce at a rate of 1 inch

(25 mm) in depth for each 6 inches (150 mm) in height. 306.3.5 Width. Knee clearance shall be 30 inches (760 mm) wide minimum. Figure 306.3 Knee Clearance 902.3 Height. The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground. There is no designated accessible table and no table complies with any of the 12 parameters described above.

10. The barriers identified in paragraph 9 herein are only those that Plaintiff personally encountered. It is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford his full and equal access. Plaintiff is also aware of the following barriers which exist at the Facility and relate to his disabilities:

   a) This property fails to comply with: Van-Accessible Parking Sign. ADA compliant parking signage is inexistent.
   b) Curb-ramp side flares have an excessive slope, in excess of 2%.
   c) Restroom at the Lomas Verdes Facility is too small.
   d) Restroom at the Rexville facility is locked. However, the restrooms for able-bodied patrons is not locked.

11. Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff need the type of goods and services offered at the Facility because of the Facility is close to his home and the all-you-can-eat buffet is good and affordable. Thus, Plaintiff will return to the Facility once the barriers are removed.

12. Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to remove those barriers.

13. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

14. Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliance state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## CAUSE OF ACTION

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

15. Plaintiff incorporates the allegations contained in paragraphs 1 through 14.

16. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17. Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

18. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

19. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

20. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21. In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

22. Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

23. The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24. Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.

Failure to Make an Altered Facility Accessible

25. Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

26. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27. Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

28. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for:

A. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs or limited mobility;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to remove the architectural barriers described above and to bring its facilities into full compliance with the requirements set

forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs or individuals with limited mobility, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant's facilities come into compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C. Payment of costs of suit;

D. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

E. The provision of whatever other relief the Court deems just, equitable and appropriate.

**RESPECTFULLY SUBMITTED**,

**/S/JOSE CARLOS VELEZ-COLÓN, ESQ.**
**USDC-PR NO.: 231014**
jcvelezcolon@gmail.com

PO BOX 2013
BAYAMON PR 00960

TEL: (787) 599-9003

*Attorney for Plaintiff*